IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01921-PSF-OES

WENDEL (ROBERT) WARDELL, JR.,

Applicant,

v.

JOSEPH G. ORTIZ, Executive Director, Colorado Department of Corrections,
ALLAN F. STANLEY, Chairman, Colorado Board of Parole, and
SHARON BARTLETT-WALKER, Member, Colorado Board of Parole,

Respondents.

RECOMMENDATION FOR DISMISSAL

**Entered by O. Edward Schlatter, United States Magistrate Judge.**

## **INTRODUCTION**

Applicant has pending before this court an Amended Application For A Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Amended Application").  Respondents have filed their Answer, and applicant has submitted his Traverse.  Pursuant to 28 U.S.C. § 636(b)(1)(B), and F.R.Civ.P. 72(b), this matter has been referred to me for Recommendation.

Applicant is entitled to seek review or reconsideration of my recommendation by filing "objections" to this recommendation within ten days.  An advisement of his right to appeal or object is attached to this Recommendation on a page which is entitled "Advisement Under Fed.R.Civ.P. 72."

## BACKGROUND

Applicant is currently incarcerated in a federal detention facility. His Amended Application, however, concerns state parole proceedings held in conjunction with a criminal sentence previously imposed upon the applicant by the State of Colorado. Six claims for relief are designated in the Amended Application. While the supporting facts for each of the claims are a jumble of many different proceedings and dates, Section B of the Amended Application wherein the applicant is directed to state the background of his case, clearly delineates "[t]his is a challenge to the denial of parole on September 2, 2003, alleging, inter alia, presumed vindictiveness by the parole board." AMENDED APPLICATION, Docket #6, p. 2. Accordingly, applicant's claims should be construed as being directed at the September 2, 2003, denial of parole to the applicant by the Colorado State Board of Parole ("Board").

Claim One of the Amended Application contends that the Board violated applicant's due process rights by denying him parole in retaliation for the habeas Application that he previously filed in this court in Civil Action No. 03-cv-00221-BNB-OES. Claim Two argues that the doctrines of equitable estoppel and promissory estoppel preclude the extension of applicant's parole. Claims Three, Four and Six allege due process violations in the course of the parole proceedings. In Claim Five, applicant alleges that a revision made to the Actuarial Risk Assessment Scale in September, 2002, resulted in an increase in his risk assessment score at the September, 2003, proceedings. Applicant claims that the application of the revised

scale to his risk assessment score constituted an ex post facto violation, and therefore, violated his constitutional rights. In his request for relief, applicant seeks a declaration that he was entitled to "mandatory" parole effective July 1, 2002, a parole application hearing that comports with due process, and other equitable relief as the court deems appropriate.

Respondents argue that the applicant is entitled to no relief under his Amended Application because his request for declaratory relief has become moot, based upon applicant's release on mandatory parole on November 24, 2004. Alternatively, the respondents argue that the Board's September 2, 2003, decision to deny parole must be upheld because there was a rational basis for the decision. Applicant has strenuously resisted these arguments in his Traverse.

## DISCUSSION

**I.   Statute of Limitations.**

Applicant proceeds in this action *pro se*. As a *pro se* litigant, applicant's filings are entitled to liberal construction by this court. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. Hall, 935 F.2d at 1110. Because the applicant has taken issue with so many different proceedings in the statement of his supporting facts for each claim, liberal construction principles might be found to require consideration of each of the facts under the specifically delineated claims. However, except for the September 2, 2003, and a September 2, 2004, dates contained in the claims of the Amended Application, the remaining dates are significantly more than a

year prior to the filing of this action by the applicant.  It appears from the record that the initial Application in this case was signed and dated on September 1, 2004.  Accordingly, this action was deemed commenced on September 1, 2004, pursuant to the prisoner mailbox rule.  See Houston v. Lack, 487 U.S. 266, 270 (1988); see, also, Davis v. Ortiz, Civil Action No. 02-N-2275, Docket #4 (D.Colo. 2002) (applying prisoner mailbox rule in connection with filing of § 2254 application).

Because the applicant filed this habeas action after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his Amended Application is subject to its provisions.  See McGregor v. Gibson, 248 F.3d 946, 951 (10th Cir. 2001).  Under the AEDPA, "applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to a one year period of limitations."  Burger v. Scott, 317 F.3d 1133, 1138 (10th Cir. 2003).  More than a year passed between a majority of the dates set forth in the applicant's claims, and there has been no demonstration of either statutory or equitable tolling with regard to any of them.  See 28 U.S.C. § 2244(d)(2); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Accordingly, as far as applicant's claims could be construed to encompass any proceedings other than those which occurred on September 2, 2003, the claims are barred by the AEDPA statute of limitations and should be dismissed.

**II.     The Board's September 2, 2003, Parole Denial.**

There is no provision in federal law that entitles an inmate to any particular procedures when the Board considers a parole application.  Shirley v. Chestnut, 603

F.2d 805 (10th Cir. 1979). State law proscribes what procedures are to be used in consideration of a parole application.

The Due Process Clause of the Fourteenth Amendment guarantees due process only when a person is to be deprived of life, liberty, or property. U.S.CONST. amend. XIV, § 1. The Due Process Clause "shields from arbitrary or capricious deprivation those facets of a convicted criminal's existence that qualify as 'liberty interests.'" Harper v. Young, 64 F.3d 563, 564 (10th Cir. 1995). Generally, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); see, also, Lustgarden v. Gunter, 966 F.2d 552, 555 (10th Cir. 1992) ("Parole is a privilege; there is no constitutional or inherent right to parole."). However, a state may provide a statutory liberty interest through the use of mandatory language in its parole statute, which limits the parole board's discretion or creates a presumption of release. See Id. (interpreting Nebraska statute to mandate parole unless one of several enumerated conditions applied); Board of Pardons v. Allen 482 U.S. 369 (1987) (similarly interpreting Montana statute to create a liberty interest in parole).

The Supreme Court of Colorado has interpreted Colorado's parole statute, and determined that the Board is given the "sole power to grant or refuse to grant parole." See Colo.Rev.Stat. § 17-2-201(5)(1); Martinez v. Furlong, 893 P.2d 130, 131 (Colo. 1995) (*en banc*). Therefore, "the Colorado statutory scheme does not create a constitutionally protected entitlement to, or liberty interest in, parole." Thompson v.

Riveland, 714 P.2d 1338, 1340 (Colo.Ct.App. 1986) (citation omitted).  Under a discretionary parole scheme such as Colorado's, which does not create an entitlement to or liberty interest in parole, an inmate is not entitled to due process protections.  See Greenholtz, 442 U.S. at 7.  Because there is no liberty interest in the parole hearing or proceedings, this court does not need to address applicant's claims of due process inadequacies or irregularities in the parole proceedings set forth at applicant's Claims Three, Four and Six.   Failures to comply with procedures required under state law cannot provide the basis for federal habeas relief.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Brinlee v. Crisp, 608 F.2d 839, 843 (10th Cir. 1980) (alleged violation of state law does not state a claim under the Federal Habeas Corpus Act).  Therefore, Claims Three, Four and Six should be denied and dismissed.

　　　　Further, with regard to applicant's Claim Two, which contends that the doctrines of equitable estoppel and promissory estoppel preclude the Board from extending his parole, as a state prisoner applicant can only obtain habeas relief in this court if "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Applicant does not have a federally protected right to parole, and arguing the common law doctrines of estoppel cannot elevate the privilege of parole to a level appropriate for federal habeas consideration.  *Cf.* Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985), *cert. denied*, 478 U.S. 1021 (1986) (federal habeas relief "is not available when [an applicant] merely alleges that something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects

against the unfairness or guarantees the procedural right in state courts."). Accordingly, applicant's Claim Two should also be denied and dismissed.

With regard to applicant's claim that application of the revised Actuarial Risk Assessment Scale to his risk assessment score violated the Ex Post Facto Clause, the Ex Post Facto Clause is interpreted to forbid the passage of laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." Collins v. Youngblood, 497 U.S. 37, 43 (1990). The Tenth Circuit has reasoned that in granting or denying parole, a parole authority "does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls." *Cf.* Artez v. Mulcrone, 673 F.2d 1169, 1170 (10th Cir. 1982) (citations omitted).

The record establishes that plaintiff's parole was rescinded by the Board in September, 2002, and it was extended 2½ years to December, 2004. See APPLICATION, Docket #2, p. 3; AMENDED APPLICATION, Docket #6, p. 3; and MEMORANDUM OF POINTS AND AUTHORITIES, Docket #7, p. 3. Because applicant's parole had been extended in previous proceedings, the revision of the Actuarial Risk Assessment Scale as applied to the applicant in the September 2, 2003, proceedings did not necessarily lengthen the applicant's confinement. Additionally, it's application clearly did not alter the definition of the crime(s) with which the applicant was convicted. Accordingly, applicant's claim is without merit and should be dismissed.

Finally, with regard to applicant's first claim, federal habeas relief is not warranted. Applicant alleges that he was denied parole on September 2, 2003, in

retaliation for filing a previous habeas action.  However, the Board denied his application for parole on the basis that applicant "needs more time" and "detainer."  MEMORANDUM OF POINTS AND AUTHORITIES, Docket #7, p. 4.  Judicial notice is taken of Criminal Action No. 03-cr-00415-REB in which an Indictment setting forth 18 criminal counts against the applicant in the United States District Court for the District of Colorado was filed on August 20, 2003.  United States v. Wardell, et al., Criminal Action No. 03-cr-00415-REB, Docket #1 (D.Colo. 2003).

     A decision by the Board may not be reversed by a court unless it is arbitrary or capricious, and is an abuse of discretion.  Misasi v. United States Parole Commission, 835 F.2d 754, 758 (10th Cir. 1987).  "Where the denial of parole rests on one constitutionally valid ground, the Board's consideration of an allegedly invalid ground would not violate a constitutional right."  Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998) (citation and quotations omitted).

     Here, the Board based its decision to deny parole on the applicant's need for more time and the detainer lodged against him.  These reasons for denying parole are not arbitrary or capricious, and are not an abuse of discretion.  See, e.g., Robinson v. Hadden, 723 F.2d 59, 62-63 (10th Cir. 1983) (evidence of offenses for which charges have been dismissed may be considered in making a parole determination); Maddox v. United States Parole Commission, 821 F.2d 997, 999 (5th Cir. 1987) ("dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which the prisoner has not even been charged" can be considered in making parole determinations); Schuemann v. Colorado State Board of Parole, 624 F.2d 172, 174

(10th Cir. 1980) (a parole board may consider the nature of the crime(s) committed, the amount of time served, and the risk to others in making parole determinations); Dye v. United States Parole Commission, 558 F.2d 1376, 1379 (10th Cir. 1977) (holding that the behavior of an inmate while in prison is sufficient in itself to support denial of parole).  Accordingly, the Board based its decision on at least one constitutionally sound reason, and Claim One of the Amended Application should be denied and dismissed.

The Amended Application fails to state a claim for federal habeas relief because it does not allege a violation of the Constitution or laws or treaties of the United States.  Therefore, the Amended Application should be denied and dismissed.

### III.   Evidentiary Hearing.

The issues presented in the Amended Application exclusively concern issues of law, with the general facts necessary to determine those issues not in dispute and already contained in the record.  Accordingly, an evidentiary hearing in this regard is not required.  See, generally, 28 U.S.C. § 2243 (when entertaining an application for habeas corpus, a court must hold a hearing at which the applicant is present, unless the writ and return present only issues of law).

### CONCLUSION

Based upon the foregoing, and the entire record herein, it is hereby **RECOMMENDED** that the Honorable Phillip S. Figa **DENY** the Amended Application [Filed November 29, 2004; Docket #6] and enter an Order directing that this case be dismissed with prejudice.

Dated at Denver, Colorado, this 2nd day of November, 2005.

                BY THE COURT:

                s/ O. Edward Schlatter

                _____
                O. Edward Schlatter
                United States Magistrate Judge

## ADVISEMENT UNDER FED. R. CIV. P. 72

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. Thomas v. Arn, 474 U.S. 140, 155 (1985); Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991); Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1164 (10th Cir. 1986).