IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 04-cv-01921-PSF-OES

WENDEL (ROBERT) WARDELL, JR.,

    Applicant,

v.

JOSEPH G. ORTIZ, Executive Director, Colorado Department of Corrections;
ALLAN F. STANLEY, Chairmen, Colorado Board of Parole; and
SHARON BARTLESS-WALKER, Member, Colorado Board of Parole,

    Respondents.

_____

**ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE DATED
NOVEMBER 2, 2005**
_____

    This matter comes before the Court on the Recommendation of Magistrate Judge Schlatter entered on November 2, 2005 (Dkt. # 18), in which he recommended denial of plaintiff's Amended Application for a Writ of Habeas Corpus.  Plaintiff has filed a Motion for Enlargement of Time to Object (Dkt. # 19) to the Recommendation of the Magistrate Judge.  For the reasons set forth below, the Motion for Enlargement of Time is DENIED, the Recommendation is ACCEPTED, plaintiff's Amended Application for a Writ of Habeas corpus is DENIED, and this case is DISMISSED with prejudice.

    Applicant's Motion for Enlargement of Time to Object, filed November 18, 2005, seeks until February 3, 2005, or 77 additional days, within which to file objections to the Magistrate Judge's recommendations.  The principal reasons asserted for the extension sought are applicant's preparation for an upcoming criminal trial in this

district's Case No. 05-cr-342-REB, and his inability to access his legal files due to a transfer from the Federal Detention Center-Englewood to Denver County Jail on August 5, 2005.  Applicant alleges that 13 boxes of documents were shipped to his counsel for storage due to lack of space at the Denver facility.

Such reasons are insufficient to grant an extension, particularly one of the magnitude sought here by applicant.  He has made no showing as to what, if any, of the contents of the 13 boxes of materials are germane to any anticipated objection to the Magistrate Judge's recommendations.  The motion does not set forth any anticipated objections, nor why they cannot be stated more timely.  Moreover, as set forth below, the record does not reflect any plausible merit to applicant's claims.  Furthermore, applicant fully briefed the issues he wished to raise in his application prior to the issuance of the Magistrate Judge's recommendation.   For these reasons, the Motion for Enlargement of Time is denied.

Nonetheless, the Court has studied the record in its entirety and subjects the Magistrate Judge's Recommendation to *de novo* review as if the applicant had filed objections to all facets of its contents, and finds no reason to vary from the Recommendation.

Plaintiff's original Application, filed on or about September 9, 2004, and his Amended Application filed November 29, 2004, assert that he is challenging a denial of parole by the Colorado Department of Corrections which occurred on September 2, 2003 (Amended Application at 2).  He also challenges various procedures employed by the parole board but does not specify when these events occurred (*id.*).  In a separate

section of his application plaintiff sets forth a chronology of events that occurred between July 1, 2002 and the parole hearing of September 2, 2003 (*id.* at 3-3A). To the extent that any of these events occurred more than one year before plaintiff filed his original application, complaints regarding those actions are barred by the one-year statute of limitations found at 28 U.S.C. § 2244(d)(1), as the Magistrate Judge correctly found.

Plaintiff's Amended Application sets forth six claims for relief relating to the denial of parole on September 2, 2003, or actions taken thereafter, by the Department of Corrections. These claims are adequately described in the Recommendation of the Magistrate Judge and will not be detailed here. Suffice it to say that his third, fourth and sixth claims argue a denial of due process by the parole board.

However, as the Magistrate Judge correctly stated, there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). In *Greenholtz,* the Supreme Court found that if a state elects to provide a parole system, the availability of due process protections depends on whether the parole system provides some "entitlement" to a liberty interest. If the state's parole scheme, as was true in Nebraska, provides for mandatory parole "some measure of constitutional protection" attaches. *Id.* at 12. But, the court emphasized, whether any other state statute provides a protectible interest must be decided on a case-by-case basis. *Id.*

The Magistrate Judge here correctly states that the Colorado statutory scheme

does not create a constitutionally protected entitlement to, or liberty interest in, parole because the parole board has the sole discretion to grant or refuse parole (Recommendation and cases cited therein at pp. 5-6).  Therefore, due process procedures do not apply to plaintiff's parole hearing and his claims on this theory are properly dismissed.

Plaintiff's first claim for relief alleges that the denial of parole on September 2, 2003 was the product of "presumed vindictiveness" attributable to his previous filing of a habeas petition in January 2003 (Amended Application at 2, 3A).  Although procedural due process rights do not attach to the conduct of a non-mandatory parole hearing in Colorado, the Tenth Circuit has stated that a district court may review the parole board's decision for abuse of discretion "asking whether the Board's action resulted in an abridgment of the petitioner's constitutional rights."  *Wildermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998)(internal quotation marks omitted).  However, so long as the parole board's decision rests on at least one constitutionally valid ground, the consideration of other invalid grounds does not violate the constitutional rights of the applicant.  *Id.*

Respondents here submit that the parole board had a rational basis for denying parole to plaintiff on September 2, 2003 (Respondents' Answer at 4), but they do not clearly articulate what that rational basis was other than to reference a "20-count federal indictment" apparently lodged against plaintiff while he was still in custody.[1]

---

[1] The Respondents' Answer states that plaintiff was "convicted" of a 20-count federal indictment (Respondents' Answer at 4), a statement with which plaintiff takes issue asserting that he "remains unconvicted."(Traverse at 1).  The Court understands, based on what plaintiff

4

However, despite respondents' lack of specificity, plaintiff himself has stated that the parole board denied parole because plaintiff needed "more time" and because of a "detainer." (Plaintiff's Memorandum of Points and Authorities, filed November 29, 2004, at 4). The Court finds that a detainer relating to a federal indictment, and a need for more time in prison, are valid grounds for denying parole. Thus, even if plaintiff were correct that there was some element of vindictiveness in the decision of the parole board, the denial still rests on at least two valid grounds. Accordingly, plaintiff's first claim must be denied.

Plaintiff's second claim alleges that the respondents are estopped from extending his parole. This claim is denied for the reasons set forth in the Recommendation of the Magistrate Judge, and no elaboration is required from this Court.

Plaintiff's fifth claim alleges that the application by respondents of the Actuarial Risk Assessment Scale to him in September 2003 violated the *ex post facto* clause of the Constitution. This claim is denied for the reasons set forth in the Recommendation of the Magistrate Judge, and no elaboration is required from this Court.

---

himself admits, that the respondents meant that plaintiff was "charged" in a 20-count indictment in federal court, not convicted. The Court takes judicial notice that plaintiff was indicted on August 20, 2003 in case no. 03-CR-415, an indictment which included a total of twenty counts. Plaintiff was convicted in that case on May 25, 2005 after a seven-day jury trial, some months after Respondents' Answer was filed.

**CONCLUSION**

For the reasons set forth above, plaintiff's Motion for Enlargement of Time to Object (Dkt. # 19) is DENIED.

Plaintiff's Amended Application for Writ of Habeas Corpus (Dkt. # 6) is DENIED.

The Clerk of the Court is directed to dismiss this case with prejudice.

Dated: November 21, 2005.

                                      BY THE COURT:

                                      *s/ Phillip S. Figa*

                                      _____
                                      Phillip S. Figa
                                      United States District Judge